FILED
DEC 19 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Antonio Colbert,

   Plaintiff,

v.            Civil Action No. 11 2250

Cincinnati Police Department,

   Defendant.

MEMORANDUM OPINION

Plaintiff, a frequent filer proceeding *pro se*, submitted in the month of November alone twenty-one complaints and applications to proceed *in forma pauperis* or IFP, which are consolidated into this one civil action for the Court's initial review under 28 U.S.C. § 1915 (e)(2).[1] Under the foregoing statute, the Court is required to dismiss a civil action upon a determination that the complaint is malicious, frivolous, or fails to state a claim upon which relief may be granted. For the following reasons, the Court will dismiss the consolidated complaints for failure to state a claim and order plaintiff to show cause why he should not be barred from filing new civil actions *in forma pauperis*.

1. The Standard

An individual's right to access to the courts "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981) (per curiam). Furthermore, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). The

---

[1] Plaintiff also includes a Motion for New Case, but he is not yet enjoined or restricted from filing a case in this Court. Hence, this motion will be denied as moot.

-1-

Court "has an obligation to protect and preserve the sound and orderly administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). To that end, the Court "may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice," *Urban*, 768 F.2d at 1500, such as denying "prospectively" one's privilege to proceed *in forma pauperis*. *Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). In determining whether to issue an injunction, the Court must make substantive findings as to the frivolous or harassing nature of the litigant's actions and as to any pattern constituting harassment. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). Similarly, before revoking the privilege to proceed *in forma pauperis*, the Court must consider "the number, content, frequency, and disposition of [the litigant's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history." *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).

2. <u>The Plaintiff's Litigation History</u>

Most of the pending complaints are repetitive of actions that this Court has either dismissed or transferred to the Southern District of Ohio following its initial review. A search of this Court's dockets by plaintiff's name reveals that he has filed 49 prior cases since July 2010, 38 of which did not survive this Court's screening process. Eleven of those 49 cases were assigned to a judge but only because the respective defendant had removed the case from the Superior Court of the District of Columbia, thereby bypassing the Court's screening process. In a relatively short time after removal, however, 10 of those cases were dismissed as either frivolous, on a conceded motion to dismiss because of plaintiff's failure to oppose said motion, or for failure to state a claim upon which relief may be granted. *See Colbert v. Holmes Norton*, No. 11-0354 (RJL) (D.D.C. Feb. 16, 2011) (frivolous); *Colbert v. Harris Teeter, Inc.*, No. 11-

0503 (JDB) (D.D.C. May 18, 2011) (conceded motion to dismiss); *Colbert v. Post Office: Consumer Affairs*, No. 11-0665 (JDB) (D.D.C. May 18, 2011) (same); *Colbert v. U.S. Postal Services*, No. 11-0667 (JDB) (D.D.C. May 18, 2011) (same); *Colbert v. Amtrak Police/Security Corp.*, No. 11–0739 (JDB) (D.D.C. July 29, 2011) (same); *Colbert v. FBI*, Nos. 11-0771, 11-0772, 11-0928 (JDB) (D.D.C. Sept. 9, 2011) (same); *Colbert v. Clinton*, No. 11-1114 (JDB) (D.D.C. Nov. 22, 2011) (same); *Colbert v. Office of Inspector General*, No. 11-0682 (JDB) (D.D.C. Apr. 12, 2011) (failure to state a claim).

3. The Pending Complaints

The pending complaints consolidated and dismissed with this Order include a lawsuit against the Cincinnati Police Department seeking an investigation of "activities, which wrongfully left [plaintiff] incarcerated for well over 10 year span[,]" a lawsuit against the United States Marshal's Office for alleged harassment and slander at an unspecified time and place, and a lawsuit against the Ohio Civil Rights Commission for allegedly denying plaintiff "services provided by the federal government . . . ." Each complaint consists of a single paragraph containing sparse or no facts. In the remaining similarly styled complaints consolidated here, plaintiff sues separately PNC Bank, Metro, Pre-Paid Legal Services, Congresswoman Eleanor Holmes Norton, Superior Court of the District of Columbia, Hamilton County Courthouse, Cincinnati/City Hall, The Ohio Athletics Commission, City of Cincinnati/Police Department, American Civil Liberties Union, Legal Aid Society, Postal Service/Postmaster General, Crime Victims Compensation Program, The Department of Mental Health, The Office of the Comptroller of the Currency, Southwest Ohio Critical Incident Stress Management Team, and Ohio State Representative Dale Mallory. This is not plaintiff's first time suing most of those defendants for the same cryptic reasons.[2] In each of the instant complaints, as in the past,

---

[2] *See, e.g., Colbert v. U.S. Marshal's* Office, No. 10-1345 (UNA) (filed Aug. 10, 2010); *Colbert*
(continued...)

plaintiff demands millions of dollars in damages, but not one of the complaints states a cognizable claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

4. <u>The Plaintiff's Abuse of the IFP Privilege</u>

The "inquiry" is whether plaintiff "has abused a special privilege of the court to such an extent that that privilege should not again be extended to him here." *Butler*, 492 F.3d at 446. This Court finds that plaintiff has reached that point. The Court has been more than tolerant in liberally construing plaintiff's complaints, allowing him to proceed *in forma pauperis*, and expending significant staff time and resources to process, review and resolve his cases. The Court finds that plaintiff has a history of filing frequent and repetitive lawsuits, and that these relentless filings are harassing to the Court. *Cf. with Butler*, 492 F.3d at 446-7 (finding an abuse of the *in forma pauperis* privilege from, *inter alia*, plaintiff's "pattern" of filing repetitive FOIA actions where "[a]ll but one [of 15 such cases] were dismissed on either summary judgment, a motion to dismiss, or for failure to respond."); *see id.* at 445-6 (examining Supreme Court cases finding abuse of IFP privilege); *see also Hurt*, 544 F.3d at 310 (concluding that "'the number,

---

[2](...continued)
*v. PNC Bank*, No. 10-1435 (UNA) (filed Aug. 25, 2010); *Colbert v. Pre-Paid Legal Inc.*, No. 10-1436 (UNA) (filed Aug. 25, 2010); *Colbert v. Cincinnati Police Dep't*, No. 10-1841 (UNA) (filed Oct. 28, 2010); *Colbert v. Metro*, 10-1922 (UNA) (filed Nov. 8, 2010); *Colbert v. Amer. Civil Liberties Union of the Nation's Capital*, No. 10-1955 (UNA) (filed Nov. 16, 2010); ; *Colbert v. U.S. Marshal's Service*, No. 10-2033 (UNA) (filed Nov. 29, 2010); *Colbert v. Victims of Crime*, No. 11-0317 (UNA) (filed Feb. 8, 2011); *Colbert v. U.S. Postal Services*, No. 11-0327 (UNA) (filed Feb. 8, 2011); *Colbert v. Holmes Norton*, No. 11-0354 (RJL) (filed Feb. 10, 2011); *Colbert v. Mallory*, No. 11-1396 (UNA) (filed Aug. 3, 2011).

content, frequency, and disposition' of [Hurt's] filings shows an especially abusive pattern, aimed at taking advantage of the IFP privilege."). Like Butler, "it appears that filing [civil] actions is a 'pastime' for [plaintiff]." *Butler*, 492 F.3d at 447.

5. Conclusion

For the foregoing reasons, the Court finds that plaintiff has abused the privilege of proceeding IFP and proposes to issue an Order barring him from filing any new civil actions in this judicial district without payment of the applicable filing fee. *See Hurt*, 544 F.3d at 311 (revoking IFP privilege, dismissing all appeals, and directing the Clerk "to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees.") Before the Court issues such an order, it will allow plaintiff an opportunity to respond. *See In re Powell*, 851 F.2d at 431. A separate Order accompanies this Memorandum Opinion.

/s/ Robert L. Wilkins
United States District Judge

Date: December 16, 2011